**MILLER LAW ASSOCIATES, APC**
Randall A. Miller (SBN 116036)
rmiller@millerlawapc.com
Zachary Mayer (SBN 199434)
zachary@millerlawapc.com
411 South Hewitt Street
Los Angeles, CA 90013
Phone: (213) 493-6400
Fax: (888) 748-5812

**NORRIS McLAUGHLIN P.A.**
Joseph Farco (*Pro Hac Vice*)
jfarco@norris-law.com
Monica Chawla (*Pro Hac Vice*)
mchawla@norris-law.com
7 Times Square, 21st Floor
New York, NY 10036
Phone: (212) 808-0700
Fax: (212) 808-0844

Attorneys for Plaintiff SHANGHAI YIYUREN TECHNOLOGY CO. LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGHAI YIYUREN TECHNOLOGY CO., LTD. a foreign limited liability corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DBEST PRODUCTS, INC., a California corporation<br><br>Defendant | Case No. 2:25-cv-00584-MEMF-BFMx<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGE AND FOR DECLARATORY JUDGMENT**<br>1. Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,103,576 B2 ("'576 Patent")<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SHANGHAI YIYUREN TECHNOLOGY CO., LTD. ("Shanghai" and/or "Plaintiff") for its First Amended Complaint for Declaratory Judgement of Patent Non-Infringement against DBEST PRODUCTS INC. ("Defendant"), avers and alleges as follows.

## NATURE OF THE ACTION

1. This is an action seeking relief from Defendant's pattern of abuse of the patent laws by using U.S. Patent Number 12,103,576 B2 (the "576 Patent") to coerce online marketplaces, like those offered by Amazon Inc. ("Amazon"), to delist online listings and marketplaces from Defendant's lawful competitors. A copy of the '576 Patent is attached hereto as **Exhibit A**.

2. Plaintiff Shanghai made and sold the following products online through its "UAMFURI" branded Amazon store:



The products depicted above have the following Amazon Standard Identification Number ("ASIN") on Amazon, but have since been removed because of Defendant's misuse of the '576 Patent which caused Amazon to remove the following listings from access by Plaintiff Shanghai's customers:

- B0DP5WQT6X (https://ocww.amazon.com/dp/B0DP5WQT6X);
- B0DP5XDN77 (https://www.amazon.com/dp/B0DP5XDN77);

- B0DP5X5XZY (https://www.amazon.com/dp/B0DP5X5XZY);
- B0DP5XWD8Q (https://www.amazon.com/dp/B0DP5XWD8Q);
- B0DP5XR6P5 (https://www.amazon.com/dp/B0DP5XR6P5); collectively referred to herein as "Uamfuri Products".

3. On or around December 20, 2024, Defendant used the '576 Patent to unlawfully take down Plaintiff Shanghai's Amazon marketplace for the Uamfuri Products. *See* **Exhibit B** (Amazon Complaint Number 16861269581). Since then, Defendant's misuse of the '576 Patent to disrupt Plaintiff Shanghai's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Shanghai.

4. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. In order to remain competitive in the United States market, specifically in the folding storage boxes area, Plaintiff needs the Uamfuri Products, (the "Accused Products") listed in the Amazon marketplace to maintain its business by being available for purchase by consumers.

5. The '576 Patent has three independent claims: Claims 1, 11, and 15. Each of Claims 1-10 of Defendant's '576 Patent requires, *inter alia*, "a first track … extending from first position on the first right panel to a second position on the second right panel," and "a first slidable member cooperatively engaged to the first track…" *See* **Exhibit A**, Column 11, line 41 – Column 12, line 57.

6. Each of Claims 11-14 of Defendant's '576 Patent requires, *inter alia*, "the second right panel comprises a ribbed wall with a plurality of ribs," and "a first lock assembly integrated with the first right panel and the second right panel … having a first condition…and a second condition…" *See* **Exhibit A**, Column 12, line 58 – Column 13, line 28.

7. Each of Claims 15-18 of Defendant's '576 Patent require, *inter alia*, "the second right panel comprises a ribbed wall with a plurality of ribs," "a first lock assembly integrated with the first right panel and the second right panel … having a

first condition…and a second condition…, " and " a wheel assembly …having a first vertical axis…" See **Exhibit A**, Column 13, line 29 – Column 14, line 41.

8. During prosecution of Defendant's predecessor patent application to the '576 Patent, U.S. Patent Application No. 17/143,116 (the "116 Application), a third party presented charts to the United States Patent and Trademark Office ("USPTO") illustrating how CN207506081U (the CN081 Patent) met claim language in the '116 Application. See **Exhibit C**.

9. U.S. Patent No. 4,662,532 A issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit D**. The USPTO never considered this reference during prosecution of the '576 Patent.

10. U.S. Patent No. 3,981,410 A issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit E**. The USPTO never considered this reference during prosecution of the '576 Patent.

11. U.S. Patent No. 9,278,775 B2 issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit F**. The USPTO never considered this reference during prosecution of the '576 Patent.

12. U.S. Patent No. 8,757,412 B2 issued before the earliest effective date of the claims of the '576 Patent. See **Exhibit G**. The USPTO never considered this reference during prosecution of the '576 Patent.

13. DE9203114 U1 published before the earliest effective date of the claims of the '576 Patent. See **Exhibit H**. The USPTO never considered this reference during prosecution of the '576 Patent.

14. Finnish Patent No. 128389 published before the earliest effective date of the claims of the '576 Patent. See **Exhibit I**. The USPTO never considered this reference during prosecution of the '576 Patent.

15. U.S. Patent Application Publication No. 2019/0270545 A1 published before the earliest effective date of the claims of the '576 Patent. See **Exhibit J**. The USPTO never considered this reference during prosecution of the '576 Patent.

16. Defendant's anticompetitive use of the '576 Patent to dominate the market for folding storage containers is both wrongful and targeted to competitively harm Plaintiff and restrict free market competition.

17. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Accused Products have infringed the claims of '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiff is entitled to a judgment declaring that it has not infringed and will not infringe any valid or enforceable claim of the '576 Patent.

18. Consequently, Plaintiff now seeks relief from this Court to resolve this dispute and be compensated for the injury caused by Defendant's unlawful business practices, antitrust, patent misuse, and unfair competition.

19. This is an action for declaratory judgement of non-infringement, patent misuse, and unfair competition involving the '576 Patent under the patent laws of the United States, to wit, 35 U.S.C §§ 1 et seq., as well as findings of antitrust violations and unfair competition under California law. Plaintiff brings this action because of Defendant's unlawful and unfair business practices.

## PARTIES

20. Plaintiff Shanghai is now, and at all times relevant herein was, a Chinese Business entity located in the People's Republic of China with an address of Room Room 705, 7th Floor, Building 1, 85 Mingnan Road, Songjiang District, Shanghai, China.

21. On information and belief, Defendant is California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

22. On information and belief, Defendant distributes and sells utility carts and similar products, in this judicial district, including through Amazon.com.

5
FIRST AMENDED COMPLAINT

**JURISDICTION AND VENUE**

23. This action arises under the patent laws of the United States, Title 35 of the United States Code §§ 101 et seq.

24. Plaintiff seeks relief under the Federal Declaratory Judgement Act.

25. Plaintiff has standing because Defendant has filed claims of patent infringement to Amazon which has resulted in the removal of Plaintiff's Amazon product listings. Product delisting from Amazon has stopped Plaintiff's Amazon sales and caused significant financial loss. Defendants' actions thereby give rise to a case of actual controversy under 28 U.S.C. §§ 2201 et. seq.

26. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1337, 1338, 2201 and 2202.

27. This Court has personal jurisdiction over Defendant because it is incorporated in California, has a principal place of business in California, and maintains substantial and continuous business operations in California.

28. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391(b) as Defendant is considered domiciled in this district and it is within this district that Defendant has engaged in acts and omissions that have led to the fear and apprehension of suit and/or the harm because of such acts against Plaintiff.

**COUNT I:**

**Declaratory Judgment of Non-Infringement of the '576 Patent**

29. Plaintiff hereby incorporates by reference all the foregoing paragraphs as if fully set forth herein.

30. Claims 1, 11, and 15 are the only independent claims of the '576 Patent.

31. None of the Accused Products infringe Claims 1, 11, and 15 of the '576 Patent, either literally or under the doctrine of equivalents, because their designs lack one or more of "a first track … extending from first position on the first right panel to a second position on the second right panel," "a first slidable member cooperatively engaged to the first track…," "the second right panel comprises a ribbed wall with a

plurality of ribs," "a first lock assembly integrated with the first right panel and the second right panel … having a first condition…and a second condition…,"and "a wheel assembly …having a first vertical axis…."

32. Additionally, the Accused Products do not infringe the independent claims because doing so would require the independent claims to be construed to ensnare one or more of Exhibits E-L.

33. There is no construction of Claims 1, 11, and 15 of the '576 Patent that does not otherwise ensnare Exhibits E-L.

34. Plaintiff cannot infringe any claim of the '576 Patent, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered in its favor against Defendant as follows:

A. A judgment that the Uamfuri Products do not infringe the '576 Patent either literally or under the doctrine of equivalents;

B. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Uamfuri Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

C. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Uamfuri Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

D. A judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and

MILLER · LAW · ASSOCIATES
A PROFESSIONAL CORPORATION

assigns, from alleging, suggesting, or causing the Uamfuri Products to be delisted from Amazon on the basis of infringement of the '576 Patent;

E. A judgement requiring Defendant or its agents to retract or withdraw the complaint to Amazon that has caused the removal of Plaintiff's products;

F. A judgement requiring Defendant or its agents to retract or withdraw any asset freezes maintained on the part of Amazon or any other financial institution as a result of Defendant's allegations of '576 Patent infringement;

G. A judgment declaring this case is exceptional in favor of Plaintiff entitling Plaintiff to an award of reasonable attorney fees and the costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285;

H. A judgment awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: April 18, 2025                    Respectfully submitted,

                                         By:  /s/ Randall A. Miller
                                              Randall A. Miller, Esq.
                                              Zachary Mayer, Esq.
                                              Joseph Farco, Esq. (*Pro Hac Vice*)
                                              Monica Chawla, Esq. (*Pro Hac Vice*)

                                              Attorneys for Plaintiff SHANGHAI
                                              YIYUREN TECHNOLOGY CO., LTD.